CASE NO. 13-12657-P

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

| In re | On Petition for Mandamus to the United States District Court for the Northern District of Alabama No. 2:12-cv-04139-LSC |
|---|---|
| WALTER LEROY MOODY, JR. | |

## MR. MOODY'S REPLY TO ALABAMA DEPARTMENT OF CORRECTIONS COMMISSIONER'S RESPONSE TO PETITION FOR WRIT OF MANDAMUS

Anne E. Borelli
Alabama Bar No. ASB-2419-A52B

W. Marcus Ermine
Georgia Bar No. 321851

Federal Defenders
Middle District of Alabama
817 South Court Street
Montgomery, Alabama 36104
Telephone (334) 834-2099
Fax (334) 834-0353
E-mail: Anne_Borelli@fd.org
E-mail: marcus_w_ermine@fd.org

*Counsel for Walter Leroy Moody, Jr.*

## CERTIFICATE OF TYPE SIZE AND STYLE

This reply is printed using 14-pitch, Times New Roman type which is proportionately spaced.

/s/ **Anne E. Borelli**
Anne E. Borelli
Alabama Bar No. ASB-2419-A52B


 /s/ **W. Marcus Ermine**
W. Marcus Ermine
Georgia Bar No. 321851

Federal Defenders
Middle District of Alabama
817 South Court Street
Montgomery, Alabama 36104
Telephone (334) 834-2099
Fax (334) 834-0353
E-mail: Anne_Borelli@fd.org
E-mail: marcus_w_ermine@fd.org

*Counsel for Walter Leroy Moody, Jr.*

# **TABLE OF CONTENTS**

Certificate of Type Size and Style.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Reply to Commissioner's Response. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     A.     The Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     B.     This Court's Authority to Grant Relief. . . . . . . . . . . . . . . . . . . . . 2

     C.     The District court Improperly Denied Mr. Moody's Motion
            for Recusal and Mandamus is the Proper Remedy.. . . . . . . . . . . . . . 3

          1.     Recusal is Necessary Under 28 U.S.C. § 455(a). . . . . . . . . . . 7

          2.     Recusal is Necessary Under 28 U.S.C. § 455(b)(4).. . . . . . . . 12

     D.     Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

## TABLE OF AUTHORITIES

## CASES

*Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000).. . . . . . . . . . . . . . . . . . . . . . . . . 19

*In re Bulger*, 710 F.3d 42 (1st Cir. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Cheney v. United States Dist. Ct. for Dist. of Columbia*, 541 U.S. 913 (2004). 9-10

*Christiansen v. Nat'l Sav. & Trust Co.*, 683 F.2d 520 (D.C. Cir. 1982). . . . . . . . 14

*In re Evergreen Sec., Ltd.*, 570 F.3d 1257 (11th Cir. 2009).. . . . . . . . . . . . . . . 8-9

*Lechner v. Widener College, Inc.*, 569 F.2d 1250 (3d Cir. 1977). . . . . . . . . . . . . 14

*Liljeberg v. Health Servs. Corp.*, 486 U.S. 847 (1988). . . . . . . . . . . . . . . . . . 6,11

*Liteky v. United States*, 510 U.S. 540 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Lopez-Lukis*, 113 F.3d 1187 (11th Cir. 1997). . . . . . . . . . . . . . . . . . . . . 2, 8

*Murray v. Scott*, 253 F.3d 1308 (11th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . 9-11

*In re Nettles*, 394 F.3d 1001 (7th Cir. 2005).. . . . . . . . . . . . . . . . . . . . . . 15-16,18

*Nichols v. Alley*, 71 F.3d 347 (10th Cir. 1995). . . . . . . . . . . . . . . . . . . . . 14-16,18

*Parrish v. Bd. of Comm'rs of Ala. State Bar*, 524 F.2d 98 (5th Cir. 1975). . . . . . 13

*In re United States*, 666 F.2d 690 (1st Cir. 1981).. . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Bailey*, 175 F.3d 966 (11th Cir. 1999). . . . . . . . . . . . . . . . . . . 7

*United States v. Berger*, 365 F.3d 1223 (11th Cir. 2004).. . . . . . . . . . . . . . . . . . 2

*United States v. Cerceda*, 188 F.3d 1291 (11th Cir. 1999). . . . . . . . . . . . . . . . . 13

*United States v. Disch,* 347 F. App'x 421 (11th Cir. 2009). . . . . . . . . . . . . . . . . . *6*

*United States v. Gamboa*, 439 F.3d 796 (8th Cir. 2006). . . . . . . . . . . . . . . . . 5

*United States v. Greenspan*, 26 F.3d 1001 (10th Cir. 1995). . . . . . . . . . . . . . 5-7

*United States v. Kelly*, 888 F.2d 732 (11th Cir. 1989). . . . . . . . . . . . . . . . . . 7, 17

*United States v. Moody*, 977 F.2d 1420 (11th Cir. 1992). . . . . . . . . . . . . . . *passim*

*United States v. Moody,* 977 F.2d 1425 (11th Cir. 1992). . . . . . . . . . . . . . . . . 17

*United States v. Oaks*, 606 F.3d 530 (8th Cir. 2010). . . . . . . . . . . . . . . . . . . 5-6

*United States v. Rogers*, 119 F.3d 1377 (9th Cir. 1997). . . . . . . . . . . . . . . . . 14

*United States v. State of Alabama*, 828 F.2d 1532 (11th Cir. 1987). . . . . . . . . . . . 9

*United States v. Yousef*, 327 F.3d 56 (2d Cir. 2003). . . . . . . . . . . . . . . . . . . 4-6

*Wu v. Thomas*, 996 F.2d 271 (11th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . 11

## STATUTES

28 U.S.C. § 455. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

28 U.S.C. § 455(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

28 U.S.C. § 455(b)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,12,14

28 U.S.C. § 2255. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

<u>**REPLY TO COMMISSIONER'S RESPONSE**</u>

Petitioner Walter Leroy Moody, Jr., respectfully sets forth the following in reply to the Commissioner of the Alabama Department of Corrections's (the "Commissioner") response to his Petition for Writ of Mandamus.[1]

The extraordinary facts of this case and all relevant circumstances require the recusal of the currently assigned District Judge, the Honorable L. Scott Coogler, as well as all judges of the United States District Court of the Northern District of Alabama, pursuant to 28 U.S.C. § 455(b)(4) or § 455(a).  And the same extraordinary facts and circumstances require Mr. Moody's case to be transferred to a district court outside the bounds of the Eleventh Circuit.

**A.     The Standard of Review**[2]

This Court's review of Mr. Moody's Petition for Writ of Mandamus requires a two-step analysis.[3]  First, the district court judge's recusal decision is reviewed for

---

[1] Mr. Moody offers no further reply to District Court Judge Coogler's response filed with this Court on July 9, 2013, because Judge Coogler relied upon his three previous orders below and those orders were discussed in Mr. Moody's Petition for Writ of Mandamus.

[2] For the Court's ease of reference, in this Reply, Mr. Moody, with the exception of section B, tracks the organization used by the Commissioner in its Response.

[3] Although the Commissioner asserts (without citation) that "[t]his Court's review of Judge Coogler's non-recusal decision is doubly deferential[,]" this Court

abuse of discretion.[4]  Second, Mr. Moody, as the petitioning party, has the burden of establishing he is clearly and indisputably entitled to the extraordinary remedy of mandamus.[5]  He has met both prongs of this analysis with the facts and argument set forth in his Petition for Writ of Mandamus.

## B.      This Court's Authority to Grant Relief

Mr. Moody's Petition for Writ of Mandamus seeks recusal of all judges of the Northern District of Alabama and transfer of the case to a district court outside the bounds of the Eleventh Circuit.  Mr. Moody maintains the law of the case, as established by this Court, requires this Court's recusal "'from participating in this case and in any other cases relating to the investigation of the murder of the Honorable Robert S. Vance in which Walter Leroy Moody is a party.'"[6] Still, as is also the law of the case, this Court maintains the administrative authority to determine the issues in this Petition for Writ of Mandamus and to transfer the case to an

has not articulated such a standard.  The First Circuit Court of Appeals, the only circuit to have used the phrase "doubly deferential" in this connection, recently stated that similar cases "require[] doubly deferential review," and after so stating, ordered recusal of the district judge pursuant to 28 U.S.C. § 455(a).  *In re Bulger*, 710 F.3d 42, 46-49 (1st Cir. 2013).

[4] *United States v. Berger*, 365 F.3d 1223, 1227 (11th Cir. 2004).

[5] *In re Lopez-Lukis*, 113 F.3d 1187, 1188 (11th Cir. 1997).

[6] *United States v. Moody*, 977 F.2d 1420, 1423 (11th Cir. 1992).

appropriate district court for adjudication.[7]

**C.     The District Court Improperly Denied Mr. Moody's Motion for Recusal and Mandamus is the Proper Remedy.**

The Commissioner's primary responses to Mr. Moody's Petition for Writ of Mandamus are two: first, the Commissioner accuses Mr. Moody of making "bald, unsupported assertions," and second, the Commissioner persists in dismantling Mr. Moody's copious factual assertions and arguing against particular facts in a piecemeal fashion. The Commissioner's position is internally inconsistent–by asserting both that Mr. Moody has made unsupported assertions and then proceeding to argue against the factual support for those same assertions–and finds no support from the very cases cited in the Commissioner's Response.

Mr. Moody's Petition for Writ of Mandamus provided a detailed overview of the factual considerations warranting recusal of the district judge, as well as every judge of the Northern District, and all district judges within the bounds of the Eleventh Circuit. Mr. Moody's factual allegations are supported by forty-five accompanying exhibits to the Mandamus Petition. And Mr. Moody has set forth sufficient facts to support the propriety of his request for recusal.

---

[7] *See id.* In essence, Mr. Moody believes the question of this Court's recusal of itself in his habeas corpus litigation is not yet ripe for determination. Obviously, it is within the Court's authority to recuse itself *sua sponte* in connection with this Mandamus Petition, if the Court finds that to be appropriate under the circumstances.

Without addressing the copious facts and exhibits presented by Mr. Moody, the Commissioner maintains that Mr. Moody has failed to support his assertion that this case must be transferred outside the bounds of the Eleventh Circuit. In the face of Mr. Moody's detailed, factually supported recusal request, the Commissioner goes on to argue that "[i]t cannot possibly be the case that *all* judges of the Northern District of Alabama must recuse themselves. . . ." With the limited exceptions addressed in this Reply, the Commissioner's Response does not confront any of the factual and legal support offered in Mr. Moody's Petition for Writ of Mandamus.[8]

The legal arguments contained in the Commissioner's Response are also due little consideration. The Commissioner contends *United States v. Yousef*[9] "shows why Moody's argument for recusal does not work." That case involved a recusal request based on a defendant's threat against an unnamed judge during the course of proceedings already initiated against the defendant. The Second Circuit determined, as the District Court had noted, that the threat was "nothing more than an attempt to

---

[8] For example, the Commissioner does tackle Mr. Moody's factual assertions related to Judge Coogler's University of Alabama ties. But, as is addressed later in this Reply, the Commissioner does so without considering the context of Mr. Moody's assertions or any of his other factual assertions.

[9] 327 F.3d 56 (2d Cir. 2003).

harass the government and divert resources."[10] Furthermore, the defendant's threat was made *in order to obtain a mistrial*.[11] Persuaded by comparison to the Tenth Circuit's decision in *United States v. Greenspan*,[12] which the Commissioner is seeking to distinguish, the court held that "where a threat is made simply 'to harass,' recusal is not warranted."[13]

In *United States v. Oaks*,[14] another case cited by the Commissioner, the defendant either sent a threatening letter to the judge or made a threatening remark overheard by the marshals.[15] The Eighth Circuit, citing its own circuit precedent, held that threats against a judge presiding over a case do not warrant automatic recusal.[16] More important to the court's decision, though, was the finding that "[t]here [was] no evidence suggesting any adverse rulings were motivated by bias on the part of the

---

[10] *Id*. at 170.

[11] *Id.* at 169.

[12] 26 F.3d 1001, 1006 (10th Cir. 1995).

[13] *Yousef*, 327 F.3d at 170 (citing *Greenspan*, 26 F.3d at 1006) (other citation omitted).

[14] 606 F.3d 530 (8th Cir. 2010).

[15] *Id*. at 536.

[16] *Id.* at 537 (citing *United States v. Gamboa*, 439 F.3d 796, 817 (8th Cir. 2006)).

court" and that the sentence imposed was within the sentencing guidelines.[17]

*Oaks*, like *Yousef*, therefore, offers little guidance relevant to Mr. Moody's case. This Court has held, as the Tenth Circuit suggested in *Greenspan*,[18] that threats made to a judge that are motivated by a desire to cause recusal warrant little consideration.[19] *Greenspan* is otherwise instructive, as well. In that case, there existed a conspiracy to kill the trial judge and his family, and the record showed the judge found out that information just before expediting sentencing, which indicated the plot influenced the rulings.[20]

In holding the district judge should have recused himself under those "unique circumstances," the court reasoned, "the purpose of section 455(a) is 'to promote public confidence in the integrity of the judicial process.'"[21] In other words, to properly analyze the recusal issue, the court examined the totality of the record from the public's point of view, not the subjective viewpoint of the district judge.[22]

---

[17] *Id.* (citation omitted).

[18] 26 F.3d at 1006.

[19] *United States v. Disch*, 347 F. App'x 421, 423 (11th Cir. 2009).

[20] *Greenspan*, 26 F.3d at 1005.

[21] *Id.* at 1006-7 (quoting *Liljeberg v. Health Servs. Corp.*, 486 U.S. 847, 859-60 (1988)).

[22] *Id.* at 1007.

Contrary to *Greenspan*, the Commissioner argues, without citation, that "[t]raditionally, cases discussing the disqualification of judges look to a judge's comments, actions toward a particular lawyer or party, or the judge's personal or professional connections in relation to the subject-matter of the case." The Commissioner refutes the first two considerations with its own (correct) argument that "the basis for the recusal must ordinarily come from personal, extrajudicial sources."[23] With regard to the third consideration–the judge's personal or professional connections–the Commissioner is *partially* correct. But, as discussed below, the evaluation of a recusal motion requires a broader examination of the facts.

### 1. Recusal is Necessary Under 28 U.S.C. § 455(a).

Recusal is required when an examination of the facts would lead "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought [to] entertain a significant doubt about the judge's impartiality."[24] Contrary to the Commissioner's attempts at deconstruction and piecemeal analysis, this standard requires an analysis of the totality of the circumstances alleged to warrant recusal, which may include, but are not limited to,

---

[23] *See, e.g., Liteky v. United States*, 510 U.S. 540 (1994); *see also United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999).

[24] *United States v. Kelly*, 888 F.2d 732, 744-45 (11th Cir. 1989) (citations omitted).

the judge's personal or professional connections.  As set forth in great detail in Mr.

Moody's Petition for Writ of Mandamus, the totality of the facts gives rise to

"significant doubt" about the impartiality of Judge Coogler, as well as all other judges

of the Northern District of Alabama and within the bounds of the Eleventh Circuit.

In attempting to argue that this test is less case-specific and involves something

other than a consideration of the totality of the alleged circumstances warranting

recusal, the Commissioner points to this Court's decisions in *Lopez-Lukis*[25] and *In re*

*Evergreen Sec., Ltd.*[26]  In those cases, this Court considered the narrow factual

situation of judges under investigation for criminal suspicion and judicial misconduct,

respectively.[27]

In finding no ground for recusal in *Lopez-Lukis*, this Court relied upon an

Eleventh Circuit Judicial Council protocol that addressed recusal of judicial officers

"in the event of. . . possible criminal investigation."[28]  In *In re Evergreen*, this Court

held "the mere filing of a complaint of judicial misconduct [in the absence of a

---

[25] 113 F.3d at 1188.

[26] 570 F.3d 1257 (11th Cir. 2009).

[27] *Lopez-Lukis*, 113 F.3d at 1188; *In re Evergreen*, 570 F.3d at 1565.

[28] 113 F.3d at 1188.

pending "formal investigation"] is not grounds for recusal."[29] Mr. Moody's case does not involve any judicial officers under investigation or complaints of judicial misconduct, so these cases provide no guidance.

Then, in his further attempt to isolate facts instead of correctly viewing the circumstances alleged to warrant recusal, the Commissioner turns to cases involving the limited question of judges with political connections and friendships. But the cases cited by the Commissioner, *Murray v. Scott*[30] and *Cheney v. United States Dist. Ct. for Dist. of Columbia*,[31] support recusal under the circumstances of Mr. Moody's case.

In *Murray* this Court, after surveying a panoply of connections between the district judge and the litigants and noting that "the benefit of the doubt must be resolved in favor of recusal," held the district judge should have recused himself.[32] Instructively, the Court particularly noted the district judge *"may* have knowledge of facts in dispute" and that the passage of time before the litigation "makes no

---

[29] 570 F.3d at 1265.

[30] 253 F.3d 1308 (11th Cir. 2001).

[31] 541 U.S. 913 (2004).

[32] 253 F.3d at 1310-13 (quoting *United States v. State of Alabama*, 828 F.2d 1532, 1540 (11th Cir. 1987)).

difference."[33] Furthermore, the fact that the district judge may not even recall any specific facts did not save him from recusal because "doubt must be resolved in favor of recusal."[34] Finally, although recusal was "an unattractive course," recusal was appropriate because "in close cases, [judges] must err on the side of recusal."[35]

The minimal facts alleged to support recusal in *Cheney*, on the other hand, crystallize the sort of factual analysis courts are called to make in recusal cases. There, Justice Scalia, responding to a suggestion that he be recused, detailed a one-time, group trip taken with then-Vice President Richard Cheney, who was a named party to the underlying litigation only because of his official capacity as a governmental official.[36] Given these limited factual connections, Justice Scalia determined his recusal was not warranted.[37]

The Commissioner concludes his argument that recusal is not warranted under section 455(a) by singling out Mr. Moody's factual assertions regarding Judge Coogler's relationship with the University of Alabama. This portion of Mr. Moody's

---

[33] *Id*. at 1313.

[34] *Id.*

[35] *Id.* (citations omitted).

[36] 541 U.S. 914-915, 917-18.

[37] *Id*. at 918-19. Justice Scalia also recognized his recusal, as a Supreme Court justice, was to be evaluated differently from other judges. *Id.* at 915-16.

factual allegations, again viewed in isolation, is decried as "dubious" because it does not, in itself, establish the "financial or other substantial[] interests that would disqualify" Judge Coogler when considered in light of *Wu v. Thomas*.[38]

If Mr. Moody's recusal motion were based exclusively on university ties as in *Wu,*[39] or consisted merely of any one of the strawman cases individually addressed in the Commissioner's response, recusal might not be required. However, Judge Coogler's adjunct professorship at the University of Alabama, where he teaches alongside Alan Durham, the *Judge Robert S. Vance* Professor of Law, is one of many circumstances alleged in Mr. Moody's Petition for Writ of Mandamus.

This Court should view all the facts collectively, with the goal of "promot[ing] public confidence in the integrity of the judicial process,'"[40] bearing in mind that "in close cases, [judges] must err on the side of recusal" and recusal should not be denied just because it is "an unattractive course."[41] Taken as whole, therefore, the facts as set forth in Mr. Moody's Petition for Writ of Mandamus, which are for the most part

---

[38] 996 F.2d 271 (11th Cir. 1993).

[39] *Id*. at 274-75.

[40] *Liljeberg v. Health Servs. Corp.*, 486 U.S. 847, 859-60 (1988)). In determining not to recuse himself, Judge Coogler has failed to account for this standard and has confined his evaluation of the recusal motions to his own subjective lack of bias.

[41] *Murray*, 253 F.3d at 1313.

uncontested by the Commissioner, justify recusal of Judge Coogler, as well as all other judges of the Northern District of Alabama, and merit transfer of the case outside the bounds of the Eleventh Circuit.

**2.      Recusal is Necessary Under 28 U.S.C. § 455(b)(4).**

The judges of the Northern District of Alabama, including Judge Coogler, and all other judges within the bounds of the Eleventh Circuit should be recused because as a member of the class potentially affected by a grant of relief, each "has . . . an[] interest that could be substantially affected by the outcome of the proceeding."[42] The Commissioner's Response to this portion of Mr. Moody's Petition for Mandamus is meritless for three reasons. First, the Commissioner again fails to view the facts properly–holistically and from the perspective of maintaining the public's confidence in the judiciary. Second, the cases cited by the Commissioner addressing the singular issue of recusal under section 455(b)(4) provide little guidance. And third, the Commissioner fails to address the fact that courts have been previously recused because of their class status in relation to the very facts for which Mr. Moody was convicted and sentenced to death in Alabama.

When evaluating the facts supporting the claim for recusal, the standard discussed in the previous section applies. So, the Commissioner's assertion that Mr.

---

[42] 28 U.S.C. § 455(b)(4).

Moody seeks recusal on the basis of "'unsupported, irrational or highly tenuous speculation'"[43] is simply not correct. Mr. Moody has presented copious, specific factual detail in his Petition for Writ of Mandamus and in numerous exhibits. Those factual assertions remain unchallenged by the Commissioner's erroneous legal arguments.

The cases upon which the Commissioner relies in support of its attack on Mr. Moody's "victim class" argument provide no guidance in these unique circumstances. The recusal decisions of other courts in relation to the particular circumstances at issue here are more relevant.

With regard to proposed precedential guidance, the Commissioner cites cases addressing a court's "class membership." In *Parrish v. Bd. of Comm'rs of Ala. State Bar*,[44] recusal was sought on the singular basis that the judge was a member of the Alabama Bar Association. There, recusal was not required because membership in the state bar "has long been compulsory," and there was "[n]o interest exceeding *mere* membership."[45] Mr. Moody's factual allegations involve an interest beyond mere

---

[43] *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) (quoting *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981)).

[44] 524 F.2d 98 (5th Cir. 1975).

[45] *Id.* at 104 (emphasis added).

membership–not a "general or impersonal" claim of bias, but a specific targeting of members of the "victim class" according to the evidence adduced by the State at trial.

The remainder of the Commissioner's legal authorities in this section of its Response deal with the financial interest aspect of section 455(b)(4), which is not at issue here. For example, in *Lechner v. Widener College, Inc.*,[46] the Third Circuit dealt with recusal sought on the basis of a purported *financial* interest related to American Bar Association membership.[47] Since Mr. Moody has not alleged any class-based financial interest in his Petition for Writ of Mandamus, these cases provide little guidance on the substantive issue.

Despite their lack of particular relevance to Mr. Moody's recusal claim, the financial interest cases cited by the Commissioner[48] do highlight an important point: a thorough factual evaluation must be made of the *particular* circumstances of each *particular* case in order to determine whether recusal is required. *Nichols v. Alley*[49]

---

[46] 569 F.2d 1250 (3d Cir. 1977).

[47] *Id.* at 1261.

[48] *United States v. Rogers*, 119 F.3d 1377 (9th Cir. 1997) (considering ownership of bank stock in relation to particular procedural stage of case); *Christiansen v. Nat'l Sav. & Trust Co.*, 683 F.2d 520 (D.C. Cir. 1982) (considering proprietary interests of judges in healthcare program).

[49] 71 F.3d 347 (10th Cir. 1995).

and *In re Nettles*,[50] the two cases relied upon by Mr. Moody in his Petition for Writ of Mandamus, describe how other circuits have addressed similar facts, especially in light of the Commissioner's assertion that Mr. Moody is a "domestic terrorist who targets the institutions of government or the rule of law."

In *Nichols*, a case involving one of the defendants in the Oklahoma City federal building bombing, the Tenth Circuit found an appearance of impropriety and ordered recusal of the trial judge even though the judge experienced no personal loss of family or friends in the bombing, but the judge's courtroom and chambers were damaged by the blast and a member of his staff was slightly injured.[51] The Tenth Circuit then selected a district court judge from Colorado to preside over the trial.

Similarly, the Seventh Circuit in *Nettles* both mandated recusal of the district court judge and recused itself *sua sponte*.[52] There the defendant had been charged with attempted destruction of the courthouse that housed both the district court and the Seventh Circuit. While the court made clear it was not suggesting the district court judge harbored any actual prejudice against the defendant, it held that an

---

[50] 394 F.3d 1001 (7th Cir. 2005).

[51] 71 F.3d at 350, 352.

[52] 394 F.3d at 1003.

appearance of impropriety nevertheless existed.[53]

While *Nichols* and *Nettles* are both more illustrative than the cases cited by the Commissioner, there is no reason this Court should not consider how other courts have handled the issue of recusal based on the very same factual considerations that underlie Mr. Moody's Alabama conviction and death sentence. For if the Commissioner is correct that courts should not recuse due to being part of the "victim class," previous iterations of this Court, as well as the Northern District of Georgia, the Middle District of Georgia, and the 10th Judicial Circuit Court of Alabama were all incorrect in failing to sit on Mr. Moody's case.

The Eleventh Circuit recused itself broadly "'from participating in this case and in any other cases relating to the investigation of the murder of the Honorable Robert S. Vance in which Walter Leroy Moody is a party.'"[54] This Court has never considered the merits of any aspect of Mr. Moody's case. The Fourth Circuit sat by designation in Mr. Moody's direct appeal from his Federal murder conviction.[55] In connection with the Federal murder case, Judge Thomas A. Flannery of the District

---

[53] *Id.* at 1002.

[54] *Moody*, 977 F.2d at 1423.

[55] *Id.* at 1422 (noting that judges of the Fourth Circuit Court of Appeals were sitting by designation).

of Columbia Circuit presided over Mr. Moody's motion pursuant to 28 U.S.C. § 2255.[56]

At the federal trial level, the Northern District of Georgia's recusal decision was based on the very same "victim class" concerns present in this case. The court's order stated: "Due to the unique circumstances of this case, involving an alleged assault upon the entire Eleventh Circuit and its constituent judges, we find that there exists the possibility that 'an objective, disinterested lay observer fully informed of the facts. . . would entertain a significant doubt about the judge's [sic] impartiality,' *United States v. Kelley* [sic], 888 F.2d 732, 744-45 (11th Cir. 1989), if any one of us were to preside over the trial of this case."[57] The case was ultimately tried in St. Paul, Minnesota by a judge of the District of Minnesota.[58]

The Fourth Circuit also sat by designation in Mr. Moody's appeal from his Federal perjury conviction, which occurred around the same time as his Federal

---

[56] Judge Rosemary Barkett summarily denied Mr. Moody's Application for Certificate of Appealability following denial of his section 2255 Motion, but recusal was never sought in connection with that application and the merits of the case were not discussed in the cursory denial order.

[57] Order, *United States v. Moody*, Case No. 1:90-CR-393 (N.D. Ga. Feb. 22, 1991).

[58] *Moody*, 977 F.2d at 1428.

murder trial.[59]  In that case, the district judge for the Middle District of Georgia recused himself, and the case was transferred to another district.[60]  And when Mr. Moody was to be tried for murder in Alabama's state court, all the trial judges in the 10th Judicial District (encompassing Birmingham and Jefferson County) recused themselves.

So, for guidance in evaluating Mr. Moody's "victim class" argument, this Court need look no further than its own broadly drawn existing recusal determination and the recusals of other courts within the Eleventh Circuit, especially the Northern District of Georgia's very clear class-based recusal order.  When guided by these prior determinations based on largely the same factual considerations, as well as the similar cases of *Nichols* and *Nettles*, this Court should determine that this case must be heard by a court outside the bounds of the Eleventh Circuit.

And those same considerations also defeat the Commissioner's final argument that the "rule of necessity" requires the case not to be transferred outside this circuit.  The rule of necessity applies where no judge in the country is capable of hearing the case, or where a plaintiff or defendant indiscriminately sues all the judges in a

---

[59] *United States v. Moody*, 977 F.2d 1420, 1422 (11th Cir. 1992).

[60] *Id.* at 1423.

18

circuit.[61] The facts adduced by the State at Mr. Moody's trial are that he declared war on the Eleventh Circuit and its judges, and that war involved sending bombs to people affiliated with the Court within the states of Alabama, Georgia, and Florida, as well as threatening letters to all the judges comprising the Eleventh Circuit. Clearly, then, the victim class involved here is particularized to the judicial bodies within this circuit.

This Court determined that to be the case in its original recusal order, and the Northern District of Georgia made the same determination. The case was then heard by various other courts in the country–the District of Minnesota, the Fourth Circuit, and the District of Columbia Circuit. In other words, the rule of necessity has never before been invoked in connection with Mr. Moody's case although the case has routinely been transferred outside the bounds of the Eleventh Circuit. There is no reason that either of these determinations should change now.

**D.    CONCLUSION**

The judges of the Northern District of Alabama, including the currently assigned District Judge, the Honorable L. Scott Coogler, should be recused. Mr. Moody's case should thereafter be transferred to a district court outside the bounds of the Eleventh Circuit.

---

[61] *Bolin v. Story*, 225 F.3d 1234, 1238 (11th Cir. 2000) (citations omitted).

Respectfully submitted this 26th day of July, 2013.

/s/ **Anne E. Borelli**
ANNE E. BORELLI
Alabama Bar No. ASB-2419-A52B
Email: anne_borelli@fd.org

/s/ **W. Marcus Ermine**
W. MARCUS ERMINE
Georgia Bar No. 321851
Email: marcus_w_ermine@fd.org

Federal Defenders for the Middle District of Alabama
817 South Court Street
Montgomery, Alabama 36104
Telephone (334) 834-2099
Fax (334) 834-0353

*Counsel for Walter Leroy Moody, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 26th, 2013, I served a true and correct copy of the foregoing to the following opposing counsel and the presiding District Court judge, in accordance with 11th Cir. R. 21-1:

James R. Houts
Asst. Attorney General
501 Washington Avenue
Montgomery, Alabama 36130

Hon. L. Scott Coogler
U.S. District Court Judge
2005 University Blvd.
Tuscaloosa, Alabama 35401


**/s/ Anne E. Borelli**
Anne E. Borelli
Alabama Bar No. ASB-2419-A52B


**/s/ W. Marcus Ermine**
W. Marcus Ermine
Georgia Bar No. 321851

Federal Defenders
Middle District of Alabama
817 South Court Street
Montgomery, Alabama 36104
Telephone (334) 834-2099
Fax (334) 834-0353
E-mail: Anne_Borelli@fd.org
E-mail: marcus_w_ermine@fd.org

*Counsel for Walter Leroy Moody, Jr.*

21